## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

RONALD EICHSTEDT                                                                 PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:12CV-749-S

BEST BUY CO., INC.                                                              DEFENDANT

### MEMORANDUM OPINION AND ORDER

Proceeding *in forma pauperis*, Plaintiff Ronald Eichstedt filed the instant *pro se* action alleging "wrongful termination of employment through retaliation." Upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court construed Plaintiff's complaint as arising under Title VII of the Civil Rights Act of 1964. Finding that Plaintiff had not filed his complaint on a Title VII form and had not attached a copy of a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), the Court entered an Order directing him to do so within 30 days of the entry date of the Order. Plaintiff next filed a motion for extension of time to comply (DN 5), which is **GRANTED**.

Plaintiff then filed an amended complaint on the Court's Title VII form (DN 6). On the same date, he filed a motion to remand the action to state court (DN 7). For the reasons set forth herein, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

In the narrative portion of the amended complaint, Plaintiff states as follows:

I had made complaints to my supervisor (Greg Gumm) about other employees violating the company policy about data privacy . . . . He stated that he would look into it. I told my supervisor (Greg Gumm) on Oct 15 2011 that I was going to have surgery on my right hand in November and he seemed upset. Shortly after that I was told to sign a PLR (violation of company policy) about a hard drive that had no sticker on it. I at that point demanded proof that I was the tech that worked on the

> unit . . . . I was not the tech that did the violation but my supervisor demanded that I sign the PLR. He told me that he was going to put it in my employee file and again I told him "no you will not[.]" This was an act of retaliation against me as I was the highest producer since the store opened 5 years prior - there were many time I missed lunch & my 2 breaks just to finish my work due to the lack of other employee's work habits. 3/4 of them took 45 min breaks and some were sleeping in the break room for more than an hour.

Where the form directs Plaintiff to state whether he was terminated because of race, color, sex, religion, or national origin, Plaintiff did not indicate that he was terminated for any of those reasons. As relief, Plaintiff requests that Defendant be directed to "pay un-employment benefits to employee."

Plaintiff also indicates on the Title VII complaint form that he filed charges against Defendant with the EEOC on April 29, 2012, and that he received a notice of right to sue on October 15, 2012. However, the attachment to the complaint is actually a decision of the California Unemployment Insurance Appeals Board stating, "The claimant is not disqualified for benefits under code section 1256. Benefits are payable provided the claimant is otherwise eligible. The employer's reserve account is subject to charges."

## II. ANALYSIS

*Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would

2

also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. There are two ways a federal district court may have jurisdiction over a case. The first is through federal-question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

*Federal-question jurisdiction*

In the present case, Plaintiff has not established federal-question jurisdiction under 28 U.S.C. § 1331. He cites no specific federal law as the grounds for filing this case in federal court

3

in either the complaint or amended complaint. While the Court initially construed the action as a Title VII action and allowed him to amend the complaint, Plaintiff did not indicate in his amended complaint that he was terminated due to race, color, sex, or any other basis for filing an action under Title VII. Moreover, although Plaintiff indicates in the amended complaint that he attaches his right-to-sue letter from the EEOC, the document is actually a decision from the California Unemployment Appeals Board. Plaintiff's complaint is therefore devoid of any factual allegations that would establish a federal cause of action against Defendant. He thus fails to demonstrate federal-question jurisdiction under 28 U.S.C. § 1331.

*Diversity jurisdiction*

Additionally, Plaintiff fails to establish diversity jurisdiction under 28 U.S.C. § 1332. To give rise to jurisdiction under § 1332, there must be complete diversity of citizenship, and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. To determine whether the amount in controversy exceeds the jurisdictional amount, the Court relies on the amount alleged in the complaint. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990). While the complaint indicates that there is diversity of citizenship, neither the original complaint nor the amended complaint alleges an amount of damages sought. In the original complaint, Plaintiff's prayer for relief states that he is seeking the following: "Provide justice to prevent this from happening to someone else[; and] Grant damages for the suffering that myself & my family have sustained." Plaintiff's prayer for relief in the amended complaint states that he is seeking payment of unemployment benefits. The Court notes that damages for pain and suffering are available only to "a plaintiff who recovers the medical expenses incurred in treating an injury." *Adam v. J.B. Hunt Transp.*, 130

4

F.3d 219, 224 (6th Cir. 1997) (citing *McVey v. Berman*, 836 S.W.2d 445, 449 (Ky. App. 1992)). Upon review, the Court finds that Plaintiff has failed to meet his burden of establishing the jurisdictional amount in controversy. Plaintiff therefore fails to establish diversity jurisdiction.

Furthermore, apparently recognizing that the Court does not have jurisdiction over the matter, Plaintiff filed a motion to remand the action to state court. As grounds for the motion, he states that he filed his complaint in federal court "[b]ased on poor information given by former lawyer to file in federal court when in fact this should have been filed in state court . . . ." However, a motion for remand is only authorized after the removal of a case from state court. 28 U.S.C. § 1447(c). Since Plaintiff did not file this case in state court originally, the case cannot be remanded back there.

### III. CONCLUSION

Accordingly, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date:   May 2, 2013

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendant
4411.010